06-2768ghmCarrierOrd2.wpd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON CARRIERE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2768 |
| | § | |
| AKBAR SHABAZZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff again seeks appointment of counsel in this civil rights case. The factual issues surrounding plaintiff's claims are not unusual or highly complex and are based on events that happened to him. Plaintiff has clearly and coherently stated his positions in his pleadings, and he has included appropriate legal authorities. Plaintiff's motion for appointment of counsel (Docket Entry No. 18) is **DENIED**, subject to reconsideration *sua sponte* by this Court in the event service of process is ordered in this case.

Plaintiff's motion for leave to file a second amended complaint (Docket Entry No. 17) is **DENIED**. Plaintiff complains that Lonny Johnson responded to plaintiff's prison grievances with "excuses to cover their illegal actions." As plaintiff has no liberty interest in a satisfactory resolution of his grievances, any failures by prison officials to address properly or remedy his grievances do not violate a constitutional right. *See, e.g., Taylor v. Cockrell*, 92 Fed. Appx. 77, 2004 WL 287339 at *1 (5th Cir., 2004) (not designated for

publication). As plaintiff's allegation fails to state a claim for which relief may be granted, allowing leave to amend would be futile.

Plaintiff's motion to interview witnesses (Docket Entry No. 13) is **DENIED AS PREMATURE**. The Court has not ordered service of process in this case.

The Clerk of the Court is **ORDERED** to separate plaintiff's document entitled, "Plaintiff's More Definite Statement," from Docket Entry No. 19 and docket it as an entry titled, "Plaintiff's Supplemental More Definite Statement."

Plaintiff is advised not to send copies of previously-filed pleadings requesting verification that they are "identical" to those received by the Court. The Court and Clerk's Office do not have resources to provide this service, and plaintiff's request only serves to cause confusion, duplicate docketing entries, and redundant orders. Plaintiff may obtain copies of his docket sheet through the Clerk's Office upon payment of the required fee.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on December 4, 2006.

_____
Gray H. Miller
United States District Judge