IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON CARRIERE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2768 |
| | § | |
| AKBAR SHABAZZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff filed an "order to show cause" for a preliminary injunction in this matter, which was docketed as a motion for preliminary injunction. (Docket Entry No. 28.) Claiming prison mail difficulties in April and July of 2006, plaintiff requests a preliminary injunction ordering the Wynne Unit Office of the Inspector General to "escort plaintiff's mail to the U.S. Post Office or the Court."

To obtain a preliminary injunction, a plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. A preliminary injunction is an extraordinary remedy and should be granted only if the plaintiff has clearly carried the burden of persuasion on all four requirements. *Planned Parenthood of Houston and Southeast Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005).

Plaintiff fails to show there is a substantial threat that he will suffer irreparable injury if an injunction is not granted ordering the Wynne Unit Office of the Inspector General to escort plaintiff's mail to the post office or the Court.  Further, plaintiff does not show a substantial likelihood of success on the merits.  Accordingly, plaintiff's request for a preliminary injunction (Docket Entry No. 28) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on February 20, 2007.

_____
Gray H. Miller
United States District Judge